UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAWS WITH A CAUSE, INC.,
a Michigan Non-Profit Corporation,

       Plaintiff,      Case No. 1:05-CV-147

v.               HON. DAVID W. McKEAGUE

PAWS FOR A CAUSE, LLC,
a New Jersey Limited Liability
Company,

       Defendant.
_____/

## MEMORANDUM OPINION
## ON DEFENDANT'S MOTION TO DISMISS

  This is a trademark infringement action. Plaintiff Paws With a Cause, Inc., is a Michigan non-profit corporation that trains assistance dogs and provides support for people with disabilities. Plaintiff is the owner of several registered "Paws With a Cause" marks. Plaintiff alleges that defendant Paws For a Cause, LLC, a New Jersey corporation, has infringed its trademark rights by using a confusingly similar name in interstate commerce. Defendant now moves the Court pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the complaint for lack of personal jurisdiction. Having duly considered the parties' briefs and exhibits, the Court will, for the reasons that follow, grant the motion.

### I

  The parties agree that the standards governing defendant's motion are set forth in *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002). Plaintiff has the burden of

establishing this Court's personal jurisdiction over defendant. *Id*. at 887. Because the Court evaluates defendant's motion based on the pleadings, briefs and exhibits, without the benefit of an evidentiary hearing, plaintiff need only make a prima facie showing of personal jurisdiction. *Id*. The Court must construe the facts in the light most favorable to the nonmoving party and may not consider facts proffered by defendant that conflict with those offered by plaintiff. *Id*.

### A. *Michigan's Long-Arm Statute*

In determining whether personal jurisdiction exists over a defendant, federal courts apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment. *Id.* at 888; *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Michigan's "long-arm" statute, in relevant part, extends "limited" jurisdiction over a nonresident defendant for "the doing or causing of any act to be done, or consequences to occur, in the state, resulting in an action for tort." M.C.L. § 600.715(2). "A plain language reading of these words reveals that either the tortious conduct or the injury must occur in Michigan." *Green v. Wilson*, 455 Mich. 342, 352 (1997).

The material facts are largely undisputed. Plaintiff acknowledges that defendant has not engaged in any tortious conduct in Michigan, but alleges that defendant's actions in New Jersey have caused tortious injury in Michigan. Specifically, defendant's use of an internet domain name, www.pawsforacause.org, said to be confusingly similar to plaintiff's, www.pausewithacause.org, and unauthorized maintenance in its website of a hyperlink to plaintiff's website, falsely suggesting a relationship or connection between the parties, are actions said to have resulted in consumer confusion, depreciation of plaintiff's goodwill and reputation, and dilution of plaintiff's marks in Michigan. In addition, defendant, through its principal member, Charlotte Aylor-Diaz, is alleged to have made a telephonic threat to pursue a criminal investigation unless plaintiff withdrew its

complaint. Plaintiff contends this threat, in the nature of extortion, was intended to cause a consequence in Michigan and is sufficient to confer personal jurisdiction under Michigan law.

Defendant explains that it is in the business of providing management consulting and other forms of assistance to nonprofit organizations, particularly those involved in animal welfare and animal protection services, primarily in New Jersey. The business is solely owned by Charlotte Aylor-Diaz, who has conducted the business from her home in New Jersey for four years. Aylor-Diaz unsworn declaration ¶¶ 10, 16. Ms. Aylor-Diaz further represents:

> In the four years that I have been operating Paws For a Cause, I have never been knowingly contacted by anyone from Michigan, have never accepted a check for a fee or donation from anyone in the State of Michigan, and actually, have never been to the State of Michigan. I have never ever conducted any business of any type with anyone from the State of Michigan. I have never solicited business from the State of Michigan, never been knowingly contacted by anyone from the State of Michigan, and never performed any services whatsoever for anyone from the State of Michigan.

*Id.* at ¶ 10. Although defendant admits that its website had included a direct hyperlink to Paws With a Cause, the link was removed at plaintiff's request in January 2005, before this action was commenced. *Id.* at ¶ 12. Defendant maintains that Paws With a Cause and Paws For a Cause operate in two different geographical areas in different lines of business and do not compete in any way. *Id.* at ¶ 13.

Because defendant's representations stand unrebutted by plaintiff and are not contradicted by allegations in plaintiff's complaint, the Court need not ignore them, notwithstanding the duty to review the record in the light most favorable to plaintiff. *See Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 153 (6th Cir. 1997) (recognizing that a court is not required to ignore defendant's undisputed factual representations which are not inconsistent with plaintiff's allegations). Under these circumstances, having no reason to question the veracity of defendant's representations, the

Court is convinced that even if any potential confusion caused by the similarity of the parties' names may be deemed to represent a tortious consequence occurring in Michigan – a consequence sufficient to justify exercise of personal jurisdiction under the broad language of Michigan's long-arm statute – plaintiff has clearly failed to demonstrate that the requirements of due process are met.

### B. *Due Process Requirements*

Due process considerations require that a nonresident defendant have such sufficient "minimum contacts" with the forum state that exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." *Neogen*, 282 F.3d at 889 (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). The minimum contacts requirement is satisfied if defendant Paws For a Cause is shown to have "purposefully availed itself of the privilege of conducting activities" in Michigan. *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of "random," "fortuitous" or "attenuated" contacts. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). In short:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996).

Despite plaintiff's protestations to the contrary, defendant's alleged contacts with Michigan can only be fairly characterized as attenuated. First, defendant's maintenance of a passive internet website accessible to residents of Michigan does not constitute purposeful availment of the privilege

4

of acting in Michigan.  *Neogen*, 282, F.3d at 890.  Second, defendant's former inclusion of a direct hyperlink to plaintiff's website, as a courtesy to persons consulting defendant's website, hardly evidences purposeful availment.  Considering that defendant's business activities appear to be focused almost exclusively in New Jersey, that defendant's website appears not to have generated a single inquiry from a Michigan resident, and that defendant immediately removed the hyperlink upon learning of plaintiff's objection, any suggestion of purposeful availment arising from the former inclusion of the hyperlink remains totally unsubstantiated.  Third, Ms. Aylor-Diaz's expressed resentment, threatening to pursue a criminal investigation, does not constitute purposeful availment.  This communication, on behalf of defendant, was in reaction to be being haled into a Michigan court by plaintiff.  The reaction, albeit a strong one and lacking in diplomacy, was not totally unjustified, as this Court agrees that exercising jurisdiction over defendant under the present circumstances would be unreasonable and inconsistent with traditional notions of fair play.  Moreover, plaintiff's claims do not arise from the threatening communication anyway.

  For these reasons, the Court concludes, even on viewing the present record in the light most favorable to the plaintiff, that plaintiff has failed to carry its burden of showing that exercise of jurisdiction over defendant would comport with the demands of due process.

## II

Accordingly, defendant's motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction will be granted. An order of dismissal consistent with this memorandum opinion shall issue forthwith.


Dated: May 11, 2005                                     /s/    David W. McKeague
                                                                    HON. DAVID W. McKEAGUE
                                                                    UNITED STATES DISTRICT JUDGE